**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| ROBERT DRAYTON BOWEN, | ) | Case No. 1:26-cv-212 |
| *Plaintiff*, | ) | Judge Travis R. McDonough |
| v. | ) | Magistrate Judge Christopher H. Steger |
| WESTON WAMP, *et al.*, | ) | |
| *Defendants*. | ) | |

## MEMORANDUM & ORDER

Plaintiff, a former Hamilton County Jail prisoner, filed a pro se complaint for violation of 42 U.S.C. § 1983 challenging his diet during his Hamilton County confinement (Doc. 1) and a motion for leave to proceed *in forma pauperis* (Doc. 4). For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* (*id.*) will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

## I. FILING FEE

Under 28 U.S.C. § 1915, the Court may generally "authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Although the relevant statute specifically references the "assets such ***prisoner*** possesses," the Sixth Circuit has construed the statute to extend to non-prisoners who apply to proceed *in forma pauperis*. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other grounds as*

*stated in Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999). When assessing whether to permit an individual to proceed without paying the filing fee, the Court is not concerned with whether the applicant is destitute, but rather, "whether the court costs can be paid without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs*., 21 F. App'x 239, 240 (6th Cir. 2001). The Court considers all the resources potentially available to the applicant, including those of a spouse or other family members. *See Ciavarella v. Comm'r of Soc. Sec*., No. 5:13-CV-2031, 2013 WL 5354091, at *1 (N.D. Ohio Sept. 24, 2013) (citation omitted).

It appears from the documentation provided that Plaintiff cannot bear the filing fee without undue hardship. Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 4) is **GRANTED**.

## II. COMPLAINT SCREENING

### A. Standard

District courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim [at screening] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However,

courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B. Allegations**

Plaintiff states that after his jail diet was changed to "No Spice/No Bean," Defendants Aramark and Lee "[were] unprofessional and retaliated [in] preparing the medical diet" (Doc. 1, at 4). Plaintiff specifically claims that Defendant Lee came to Plaintiff's cell "to discuss a low sodium issue," at which point Plaintiff "stated for the sodium to be read from the daily nutrition value table" (*id.*). Defendant Lee then "left mad and said he would just change our diets to 'soy' and water," after which Plaintiff "started receiving TVP on the 'No Spice/No Bean' diet" (*id.*).

Plaintiff has sued Mayor Weston Wamp, County Commission Chairmen Smith and Helton, Sheriff Austin Garrett, Deputy Chief of Corrections Timothy A. Davis, Aramark, and L. Medic (*id.* at 2–5, 7–8). Plaintiff sues Defendant L. Medic in his official and individual capacities, and he sues all other Defendants in their official capacities (*id.* at 2–3, 7). Plaintiff seeks injunctive and monetary relief (*id.* at 9–10).

**C. Analysis**

**1. Entity and Official Capacity Claims**

As set forth above, Plaintiff has sued Defendant Aramark. Additionally, Plaintiff's official capacity claims against the individual Defendants are actually claims against these Defendants' employer, namely Hamilton County and Defendant Aramark. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity").

But the complaint does not contain facts that allow the Court to plausibly infer that a custom or policy of Defendant Aramark or Hamilton County caused any violation of Plaintiff's constitutional rights, as required to state a plausible § 1983 claim against these entities. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978) (providing that a municipality may be liable only where "execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury"); *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (holding a plaintiff must allege "a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights).

As such, the complaint fails to state a claim upon which relief may be granted against Defendant Aramark and any Defendant in his official capacity, and it will not proceed against Hamilton County.

**2. Defendant L. Medic**

Plaintiff also asserts a claim for retaliation in violation of § 1983 against Defendant L. Medic in his individual capacity based on the assertion that after he asked this Defendant to read the sodium level from the "daily nutrition table," this Defendant was mad and stated that he would just change the diet to "'soy' and water," after which Plaintiff began receiving "TVP" (Doc. 1, at 4).

A § 1983 retaliation claim requires Plaintiff to plausibly allege that: (1) he engaged in protected conduct; (2) the defendant took an adverse action against him "that would deter a person of ordinary firmness from continuing to engage in that conduct"; and (3) there is a causal connection between the other two elements; that is, the adverse action was at least partially motivated because of the protected conduct. *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.

1999). "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)).

It appears very likely from a full reading of the complaint that Plaintiff's act of instructing Defendant L. Medic to read the sodium level from the daily nutrition table was disrespectful and therefore not protected conduct. *Williams v. Deputy Crystal Crafton*, No. 1:22-CV-P86-GNS, 2023 WL 121992, at *3 (W.D. Ky. Jan. 6, 2023) (collecting cases standing for the assertion that disrespectful behavior to a prison official from a prisoner is not protected conduct) (citations omitted). Additionally, nothing in the complaint plausibly suggests that Defendant L. Medic's decision to provide Plaintiff soy in the form of TVP was due to Plaintiff making this instruction, rather than, for example, to resolve a sodium issue with Plaintiff's diet.

Accordingly, Plaintiff's complaint does not state a plausible claim for violation of § 1983 as to Defendant L. Medic.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**;

2. Even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983;

3. Accordingly, this action will be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

4. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

***/s/ Travis R. McDonough***

**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**